UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED VAN LINES, LLC,

    Plaintiff,

v.    Case No. 8:18-cv-941-T-24 CPT

BRYAN STEWART and
DENA STEWART,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Default Judgment. (Doc. No. 14). As explained below, the motion is granted in part.

**I. Background**

Plaintiff United Van Lines, LLC filed suit against Defendants Bryan and Dena Stewart due to Defendants' failure to pay Plaintiff the amount due for Plaintiff's interstate transportation of Defendants' personal property and household goods from Idaho to Florida. In connection with the transaction, Defendant Dena Stewart signed a bill of lading on August 3, 2017 that set forth the transportation costs, which totaled $9,032.06. The bill of lading listed Defendant Bryan Stewart as the named customer. Defendants provided incomplete or incorrect credit card information to pay for the agreed-upon transportation costs.

Plaintiff transported Defendants' items, and Defendant Dena Stewart acknowledged receipt of the items in Florida on August 24, 2017. The total amount of transportation charges, $9,032.06, remains unpaid and due from Defendants.

As a result of the above, Plaintiff filed suit against Defendants for the unpaid $9,032.06. Plaintiff asserts three claims against Defendants: (1) breach of interstate transportation contract,

(2) quantum meruit, and (3) promissory estoppel. Defendants failed to respond to the complaint, and the Clerk entered default against Defendants on August 15, 2018.

## II. Motion for Default Judgment

In the instant motion, Plaintiff moves for default judgment against Defendants for damages in the amount of $9,032.06, plus $810 in costs. As explained below, the Court finds that Plaintiff is entitled to judgment on all three of its claims.

### A. Breach of Interstate Transportation Contract

In Count I, Plaintiff asserts a claim that Defendants breached the interstate transportation contract, i.e., the bill of lading.[1] The record before the Court shows that: (1) Plaintiff and Defendants entered into an interstate shipping contract; (2) Plaintiff fulfilled its obligation under the contract pursuant to the bill of lading; and (3) Defendants failed to pay Plaintiff the amount due under the contract. Accordingly, the Court finds that Plaintiff has suffered damages from Defendants' breach of this contract in the amount of $9,032.06.

### B. Quantum Meruit

Alternatively, Plaintiff is entitled to judgment on its quantum meruit claim set forth in Count II. "Under Florida law, to prevail on a quantum-meruit claim, a plaintiff must show that (1) it conferred a benefit on the defendant[s]; (2) the defendant[s] had knowledge of the benefit; (3) the defendant[s] accepted . . . the benefit; and (4) the circumstances are such that it would be inequitable for the defendant[s] to retain the benefit without paying its fair value." Martin Energy Services, LLC v. M/V BRAVANTE IX, 2018 WL 2146435, at *2 (11th Cir.

---

[1]"The bill of lading is the basic transportation contract between the shipper-consignor and the carrier." United Van Lines, LLC v. Edwards, 2008 WL 3835867, at *2 n.3 (E.D. Cal. Aug. 14, 2008).

2018)(citations omitted). Plaintiff has satisfied all four elements given that the record shows: (1) Defendants asked Plaintiff to ship their personal effects and household items; (2) Plaintiff did so, conferring a benefit on Defendants; and (3) it would be inequitable if Defendants were not required to pay fair value for Plaintiff's service. Accordingly, the Court finds that the fair value of Plaintiff's quantum meruit damages is $9,032.06.

### C. Promissory Estoppel

Alternatively, Plaintiff is entitled to judgment on its promissory estoppel claim set forth in Count III. "[T]he elements required to establish promissory estoppel liability [are]: (1) a promise made by the promisor[s]; (2) which the promisor[s] should reasonably expect to induce action . . . on the part of the promisee; (3) that in fact induced such action . . . ; and that (4) injustice can be avoided only by enforcing the promise." West Indies Network-I, LLC v. Nortel Networks, (CALA) Inc., 243 Fed. Appx. 482, 485 (11th Cir. 2007)(citation omitted). Plaintiff has satisfied all four elements given that the record shows: (1) Defendants promised to pay Plaintiff in return for Plaintiff shipping their personal effects and household items; (2) Defendants could reasonably expect that their promise would induce Plaintiff to ship their items, and Plaintiff did, in fact, do so; and (3) injustice can be avoided only by enforcing Defendants' promise to pay Plaintiff for the shipping. Accordingly, the Court finds that Plaintiff's promissory estoppel damages are $9,032.06.

### D. Costs

Additionally, Plaintiff seeks an award of costs from Defendants. Specifically, Plaintiff seeks $400 for the filing fee and $410 for service of process. Pursuant to 28 U.S.C. § 1920, the $400 filing fee is a taxable cost.

Likewise, 28 U.S.C. § 1920 provides that the Court may tax costs relating to service of

process.  However, there is a limitation on the amount that can be taxed for service of process. "Fees for private process servers may be taxed under section 1920(1) so long as they do not exceed the fees authorized by section 1921." Beach-Mathura v. American Airlines, Inc., 571 Fed. Appx. 810, 812–13 (11th Cir. 2014)(citation omitted).  Currently, service of process fees are taxed at "$65 per hour (or portion thereof) for each item served . . . plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3).

Plaintiff has not provided any documentation to substantiate its assertion that it incurred $410 in costs for service of process.  Therefore, the Court denies without prejudice service of process costs at this time.  Plaintiff may file a timely Bill of Costs with documentation to support this request should it still seek to recover these costs.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiff's Motion for Default Judgment (Doc. No. 14) is **GRANTED IN PART**.

(2) The Clerk is directed to enter judgment for Plaintiff as to Counts I, II, and III of the complaint for a total of $9,032.06 in damages, plus costs in the amount of $400.

(3) The motion is **DENIED WITHOUT PREJUDICE** as to the amount of costs to be taxed for service of process.

(4) The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of August, 2018.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record